■ In the Matter of the Probate of the Will of PEARL E. SCHULMAN, Deceased. WALTER H. SCHULMAN, Appellant. AUBREY M. EVANS et al., Respondents. — *Per Curiam.* Appeal from an order of the Surrogate's Court of Ulster County which, among other things, (1) denied objectant's application for a stay of this proceeding for the probate of decedent's purported will, pending the determination of an action brought in the Supreme Court to set aside a conveyance by decedent of certain realty and (2) directed that the parties be prepared to proceed to trial of the probate proceeding on September 17, 1968. We perceive no reason to disturb the exercise of the Surrogate's Court's discretion in denying the stay requested. *Matter of Mann* (24 A D 2d 780) and *Matter of Tebin* (7 A D 2d 720), upon which appellant relies, are clearly inapposite, as appears from the memorandum decisions therein. The order, however, should have provided for the framing of issues, in advance of. the jury trial demanded. (SCPA 502, subd. 4.) Order modified, on the law, so as to provide that the issues be framed by the Surrogate's Court in accordance with objectant's proposal thereof, heretofore filed, or otherwise as may be proper, and a new trial date fixed, and matter remitted to the Surrogate's Court for further proceedings not inconsistent herewith; and, as so modified, affirmed, without costs. Gibson, P. J., Reynolds, Aulisi, Staley, Jr., and Cooke, JJ., concur in memorandum *Per Curiam.*

■ In the Matter of the Claim of ANA D. COLLAZO, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— AULISI, J. Appeal from a decision of the Unemployment Insurance Appeal Board disqualifying claimant from receiving benefits on the ground that she voluntarily left her employment without good cause. After working in New York City for approximately four years, claimant returned to Puerto Rico in 1967, allegedly to be with her father who she said was ill. She contends that upon arriving in Puerto Rico her father's condition improved and finding someone to look after him, she tried to find employment. Her application for unemployment benefits was denied. What constitutes good cause is a factual determination for the board (Labor Law, § 593) and where, as here, it is supported by substantial evidence, it must be affirmed. Credibility is also for the board's determination. Claimant failed to return the medical questionnaire given her by the unemployment office concerning her father's condition, but instead submitted a physician's statement that her father had been prescribed medication, the nature of his complaint not appearing. This failure to present evidence of a medical emergency and claimant's contention that she was fully available for any job she could get in Puerto Rico sustain the board's decision that claimant voluntarily left her employment without good cause (see *Matter of Rosario [Catherwood]*, 28 A D 2d 1017). Decision affirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Aulisi and Greenblott, JJ., concur in memorandum by Aulisi, J.